# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE BREWER, | CASE NO. 1:07-cv-00120-AWI-NEW (DLB) PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| WILLIAM McGUINNESS, et al., | |
| Defendants. | (Doc. 1) |

I.   Screening Order

   A.   Screening Requirement

Plaintiff Eddie Brewer ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California Tort law. Plaintiff filed this action on January 22, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
7  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
8  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
9  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
10 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
11 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
12 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
13 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
14 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
15 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
16 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
17 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
18 266, 268 (9th Cir. 1982)).

19     B.     Plaintiff's Claims

20     Plaintiff is incarcerated at California State Prison-Corcoran, where the events at issue in this
21 action allegedly occurred. Plaintiff names Chief Medical Officer William McGuinness, an unnamed
22 surgeon at Mercy Hospital, and unnamed doctors as defendants, and is seeking equitable relief and
23 monetary damages.

24     Plaintiff alleges that he was misdiagnosed with acute kidney failure and end-stage renal
25 disease, and an AV fistula was surgically placed in plaintiff to allow permanent vascular access for
26 dialysis. Plaintiff alleges that after doing dialysis several times, it was determined that he did not
27 need dialysis. Plaintiff alleges that he wants the AV fistula removed because it is causing him pain
28 ///

and discomfort but his appeal to have it removed was systematically denied. Plaintiff alleges that as a result of the AV fistula, he has suffered pain, emotional distress, and permanent scarring.

### 1. Eighth Amendment Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

The allegation that plaintiff was misdiagnosed with kidney failure and renal disease does not support a claim for relief under section 1983 for violation of the Eighth Amendment. No allegations have been made which support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Further, although plaintiff alleges that

3

his appeal for the removal of the AV graft was denied, plaintiff's exhibit establishes that the appeal was denied because the consulting surgeon said there was no AV graft present to be removed. Plaintiff's allegations and exhibit provide no basis upon which to impose liability for violation of the Eighth Amendment.

### 3. Medical Malpractice

Plaintiff also alleges a claim for negligence under California law. In a medical malpractice action, the plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Tortorella v. Castro, 140 Cal.App.4th 1, 3 n.2 (2006); Hanson v. Grode, 76 Cal.App.4th 601, 606 (1999). "The standard of care in a medical malpractice case requires that medical service providers exercise that . . . degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances." Barris v. County of Los Angeles, 20 Cal.4th 101, 108 (Cal. 1999); Landeros v. Flood, 17 Cal.3d.399, 408 (1976). Plaintiff has not alleged any facts which support a claim that any of the named defendants committed malpractice. Again, the mere misdiagnosis of plaintiff's medical condition, without more, does not establish negligence.

Further, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not done so.

C.  Conclusion

Plaintiff's complaint does not state any claims upon which relief may be granted under section 1983 or California tort law. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

With respect to supervisory personnel, liability may not be imposed under section 1983 for the actions of their subordinate employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:** **May 8, 2007**           /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE