# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE BREWER, | CASE NO. 1:07-cv-00120-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON EIGHTH AMENDMENT MEDICAL CARE CLAIM AND STATE LAW TORT CLAIM BE DISMISSED |
| v. | |
| WILLIAM McGUINNESS, et al., | |
| Defendants. | (Doc. 14) |
| | OBJECTION DUE WITHIN THIRTY DAYS |
| _____/ | |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.     Procedural History**

Plaintiff Eddie Brewer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 22, 2007.  On May 8, 2007, the Court issued an order dismissing Plaintiff's complaint with leave to amend for failure to state any claims upon which relief may be granted.  On September 12, 2007, Plaintiff filed an amended complaint.

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**III.   <u>Plaintiff's Claims</u>**

Plaintiff is incarcerated at California State Prison-Corcoran, where the events at issue in this action allegedly occurred.  Plaintiff names Chief Medical Officer William McGuinness and N. Grannis as defendants, and is seeking equitable relief and monetary damages.

Plaintiff alleges that he was diagnosed with kidney failure and renal disease, and told he needed permanent vascular access for dialysis.  Plaintiff received a catheter, and an AV fistula and shunt were surgically placed in Plaintiff's arm.  After the catheter appeared to be non-functioning, and a new one was installed, it was discovered that Plaintiff did not have kidney failure and renal disease.  The catheter in Plaintiff's chest was removed but the fistula and shunt were left in Plaintiff's arm.  Plaintiff has been trying to have them removed because they are causing him pain, but has been unsuccessful.  Plaintiff alleges he made both McGuinness and Grannis aware of the situation via the inmate appeals process but neither provided any help in remedying the situation and relieving his pain.

///

///

2

1          1.     Eighth Amendment Medical Care Claim

2      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

3  must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

4  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

5  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

6  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

7  the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

8  deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

9  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

10  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

11  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

12  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be

13  manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

14  it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin

15  at 1060 (internal quotations omitted)).

16      Plaintiff's allegations are sufficient under federal notice pleading standards to state a claim

17  for relief against Defendants McGuinness and Grannis for violation of the Eighth Amendment.  Fed.

18  R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 2008 WL 659570,

19  No. 06-35068, *3 (9th Cir. Mar. 13, 2008).

20          2.     Negligence Claim

21      Plaintiff also alleges a claim for negligence under California law.  California's Tort Claims

22  Act requires that a tort claim against a public entity or its employees be presented to the California

23  Victim Compensation and Government Claims Board, formerly known as the State Board of

24  Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910,

25  911.2, 945.4, 950-950.2 (West 2008).  Presentation of a written claim, and action on or rejection of

26  the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32

27  Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub.

28  Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee,

3

1 a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at

2 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los

3 Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff was previously notified that he

4 may not pursue a state law tort claim in the absence of compliance with the Tort Claims Act, but

5 Plaintiff has not alleged compliance with the Act.[1]  Therefore, the Court recommends dismissal of

6 the claim.

7 **IV.    Conclusion and Recommendation**

8          Plaintiff's amended complaint states a cognizable claim for relief under section 1983 against

9 Defendants McGuinness and Grannis for violation of the Eighth Amendment, but does not state a

10 cognizable state law tort claim.  Plaintiff was previously given leave to cure this deficiency but did

11 not do so.  Therefore, it is HEREBY RECOMMENDED that:

12       1.    This action proceed on Plaintiff's amended complaint, filed September 12, 2007,

13             against Defendants McGuinness and Grannis for violation of the Eighth Amendment;

14             and

15       2.    Plaintiff's state law tort claim be dismissed, without prejudice, for failure to comply

16             with the California Tort Claims Act.

17          These Findings and Recommendations will be submitted to the United States District Judge

18 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

19 **days** after being served with these Findings and Recommendations, Plaintiff may file written

20 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

21 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

22 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

23 1153 (9th Cir. 1991).

24

25          IT IS SO ORDERED.

26     Dated:    **April 24, 2008**                    **/s/ Gary S. Austin**

27

28          [1] Exhaustion of the inmate appeals process in compliance with 42 U.S.C. § 1997e(a) does not satisfy the
Tort Claims Act.

1          UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28