# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE BREWER,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAM McGUINNESS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-00120-AWI-GSA PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING STATE LAW CLAIM, WITHOUT PREJUDICE, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR SERVICE OF PROCESS<br><br>(Doc. 20) |

      Plaintiff Eddie Brewer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On April 25, 2008, the Magistrate Judge filed a Findings and Recommendations herein which was served on Plaintiff and which contained notice that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an Objection to the Findings and Recommendations on May 15, 2008. Plaintiff argues that his negligence claim should not be dismissed because he filed a claim with the California Victim Compensation and Government Claims Board ("Board") on March 14, 2007, sent an inquiry letter on June 11, 2007, Id., Ex. B, but has not received a response.[1] Id.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file,

---

[1] The failure of the Board of the act on a presented claim within the prescribed period results in the claim being deemed denied. Cal. Gov't Code § 911.6(c)

1

1  the Court agrees that Plaintiff has failed to adequately plead compliance with the California Tort
2  Claims Act.  However, despite Plaintiff's failure to follow the Magistrate Judge's prior
3  admonition regarding pleading compliance with the California Tort Claims Act, Plaintiff's
4  exhibits to his objections indicate that leave to amend would not be futile.  <u>Broam v. Bogan</u>, 320
5  F.3d 1023, 1026 (9th Cir. 2003).   If Plaintiff files an amended complaint, the amended
6  complaint <u>must</u> contain an express allegation that Plaintiff complied with the California Tort
7  Claims act or contain express allegations that would excuse compliance.  <u>State v. Superior Court</u>
8  <u>of Kings County (Bodde)</u>, 32 Cal.4th 1234, 1245, 90 P.3d 116, 123, 13 Cal.Rptr.3d 534, 543
9  (2004).  Since this is the second time Plaintiff has been told how to correctly allege his claim, it
10 is unlikely that leave to amend would be granted again for the same failure.

11       Since the Court will grant leave to amend, the Court will not order service of the
12 complaint at this time.

13       With this understanding, the Court otherwise adopts the Findings and Recommendations.
14 Accordingly, IT IS HEREBY ORDERED that:

15  1.   The Findings and Recommendations, filed April 25, 2008, are adopted as
16       explained above;
17  2.   Plaintiff's state law tort claim is dismissed with leave to amend for failure to
18       allege compliance with the California Tort Claims Act;
19  3.   Plaintiff has until July 10, 2008, to file an amended complaint that is consistent
20       with this order;
21  4.   If Plaintiff does not file an amended complaint by July 10, 2008, this action shall
22       proceed on Plaintiff's amended complaint, filed September 12, 2007, against
23       Defendants McGuinness and Grannis for violation of the Eighth Amendment; and
24  5.   If Plaintiff does not file an amended complaint by July 10, 2008, then this matter
25       will be referred back to the Magistrate Judge for initiation of service of process.

26 IT IS SO ORDERED.

27 **Dated:   June 10, 2008**              **/s/ Anthony W. Ishii**
                                    UNITED STATES DISTRICT JUDGE
28