1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   EDDIE BREWER,                          CASE NO. 1:07-cv-00120-AWI-GSA PC

10                    Plaintiff,            FINDINGS AND RECOMMENDATIONS
                                           RECOMMENDING DEFENDANT
11          v.                             MCGUINNESS'S MOTION TO DISMISS BE
                                           GRANTED IN PART AND DENIED IN PART,
12   WILLIAM McGUINNESS, et al.,           AND RECOMMENDING DISMISSAL OF
                                           SECOND AMENDED COMPLAINT, WITH
13                    Defendants.          LEAVE TO AMEND

14                                         (Doc. 36)

15                                         OBJECTIONS DUE WITHIN THIRTY DAYS
     _____/
16

17          **Findings and Recommendations on Defendant McGuinness's Motion to**
            **Dismiss and Sua Sponte Re-Screening of Second Amended Complaint**
18

19   **I.    Background**

20          This is a civil action filed pursuant to 42 U.S.C. § 1983 and California tort law by Plaintiff

21   Eddie Brewer, a state prisoner proceeding pro se and in forma pauperis.  This action is proceeding

22   on Plaintiff's second amended complaint, filed July 3, 2008, against Defendants William J.

23   McGuinness and N. Grannis for violation of the Eighth Amendment and for negligence under

24   California law.  Plaintiff's claims arise from Defendants' alleged failure to intervene and order the

25   removal of an AV fistula implanted in Plaintiff's arm, which causes Plaintiff pain and is medically

26   unnecessary.

27          On April 30, 2009, Defendant McGuinness filed a motion to dismiss for failure to state a

28   claim, and a supporting request for judicial notice of the records of the California Victim

1

Compensation and Government Claims Board (the Board).[1]  Fed. R. Civ. P. 12(b)(6).  Plaintiff failed to file an opposition or otherwise respond to the motion.  Local Rule 78-230(m).

## II.  **Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal at 1949 (citing Twombly at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## III.  **Eleventh Amendment Immunity**

Defendant first argues that the Eighth Amendment claim against him should be dismissed because it is brought against him in his official capacity, and is barred by the Eleventh Amendment.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, Nos. 08-15884,

---

[1] Defendant Grannis waived service but has not filed a response to the second amended complaint.  (Doc. 44.)  Based on the recommendations set forth herein, in a separate order, the Court relieved Defendant Grannis of her obligation to respond pending a ruling by the district court and submission of a third amended complaint.

08-16161, 2009 WL 2606235, *12 (9th Cir. Aug. 26, 2009).  Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit.  <u>Shoshone-Bannock Tribes v. Fish & Game Comm'n</u>, 42 F.3d 1278, 1284 (9th Cir. 1994); <u>Price v. Akaka</u>, 928 F.2d 824, 828 (9th Cir. 1991).

Here, Plaintiff does not allege an official capacity suit against Defendant McGuinness, and it is clear from his allegations that the basis for liability is not Defendant's mere position as a state official but his failure to intervene and alleviate Plaintiff 's pain by ordering the removal of the fistula.  Liability is premised on Defendant's personal involvement in responding to Plaintiff 's medical care complaints rather than his official position.  Accordingly, the Court rejects Defendant's argument that he is entitled to dismissal of the Eighth Amendment claim against him based on Eleventh Amendment immunity.

**IV.   <u>Failure to Comply with the California Tort Claims Act</u>**

Defendant next argues that Plaintiff failed to comply with the California Tort Claims Act, which requires that a tort claim against a public entity or its employees be presented to the Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  <u>State v. Superior Court of Kings County (Bodde)</u>, 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  <u>State v. Superior Court</u>, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff was allowed to proceed with his negligence claim because he alleges in his second amended complaint that he filed a claim and the Board failed to respond, resulting in the acceptance of the claim. Cal. Gov't Code § 911.6(c) (West 2009).  Defendant argues that Plaintiff's allegations are belied by evidence that Plaintiff was informed by the Board in a letter date July 3, 2007, that his

claim was incomplete because it failed to set forth the date of the incident at issue.[2]  Further, Plaintiff was informed of the need to file for leave to present a late claim if his claim was being presented more than six months after the incident.  Defendant argues that Plaintiff again submitted a claim form without the date of the incident, and there is no record Plaintiff submitted a request for leave to present a late claim.

The evidence presented shows that the Board received a claim from Plaintiff on January 22, 2007.  (Doc. 36-4, Ex. A, court record p. 3.)  By letter dated February 16, 2007, Plaintiff's claim was deemed incomplete and Plaintiff was directed to either pay the $25.00 filing fee or submit a fee waiver request.  (Id., p. 12.)  The date stamp is not entirely clear, but on what appears to be March 26, 2007, the Board received Plaintiff's request for a fee waiver.  (Id., p. 13.)  Thereafter, on June 14, 2007, the Board received a letter from Plaintiff inquiring as to the status of his claim, submitted on or around March 14, 2007.  (Id., p. 16.)  The Board responded on July 3, 2007, notifying Plaintiff that his claim was incomplete because it did not include the date of the incident or the action that was the basis for his claim.  (Id., p. 17.)  On July 27, 2007, the Board received another claim form.  (Id., p. 20.)  There is no indication the Board responded to the July 27 claim, which did not remedy the deficiencies identified in the Board's July 3 letter.

Defendant argues that Plaintiff never filed a proper and timely claim and therefore failed to exhaust, barring his negligence claim.  If the Board deems a claim incomplete or deficient, it must give written notice of the deficiencies within twenty days after the claim is presented.  Cal. Gov't Code § 910.8 (West 2009).  The failure to provide notice in compliance with section 910.8 results in waiver of the defense of claim insufficiency.  Cal. Gov't Code § 911 (West 2009).  Based on the record presented by Defendant, Plaintiff submitted a claim in March of 2007, but was not notified of its insufficiency until July 3, 2007, following Plaintiff's June status inquiry.  It therefore appears that the Board failed to notify Plaintiff of the deficiencies in his March 2007 claim within twenty days, thereby waiving the defense that the claim was incomplete.

---

[2] Defendant's request that the Court take judicial notice of the Board's records is granted.  Mack v. South Bay Beer Distributor's Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by* Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104 (1991).  The Court may consider the Board's records on a motion to dismiss without converting it into a motion for summary judgment.  Id.

1   Accordingly, the Court recommends that Defendant's motion to dismiss the negligence claim

2   against him for failure to comply with the Tort Claims Act be denied.

3   **V.    Failure to State a Claim for Negligence**

4   Finally, Defendant argues that Plaintiff's allegations are insufficient to state a negligence

5   claim against him.

6   In his complaint, Plaintiff alleges that he was diagnosed with renal disease and kidney failure

7   in June 2005, and had a vascular Ash catheter surgically inserted in his chest and an AV fistula

8   surgically inserted in his left arm.  (Doc. 28, 2nd Amend. Comp., ¶¶3, 4.)  On August 24, 2005,

9   Plaintiff's first, non-functioning Ash catheter was replaced with a second Ash catheter.  (Id., ¶¶7,

10  8.)  Shortly thereafter, Doctor Vidal Sanchez determined that Plaintiff did not have, and never had,

11  renal disease or kidney failure, and did not need a catheter for dialysis.  (Id., ¶9.)  On August 29,

12  2005, the catheter was removed from Plaintiff's chest, but the fistula was not removed from his arm.

13  (Id., ¶10.)  Plaintiff began complaining about the fistula and the pain it caused him, and after having

14  no success complaining between September 1, 2005, and April 19, 2006, Plaintiff filed an inmate

15  appeal on April 20, 2006.  (Id., ¶11.)  Defendant McGuinness responded to the appeal at the second

16  level of review on August 30, 2006, and granted it in part to the extent that Plaintiff sought a surgical

17  consultation in his appeal and the consult had occurred on August 9, 2006.  (Id., Ex. B, court record

18  pp. 19-20.)

19  Plaintiff's claim against Defendant arises from Defendant's alleged failure to interview

20  Plaintiff, order an x-ray of Plaintiff's arm to verify whether the shunt was still in there, and/or

21  conduct any type of examination regarding the pain Plaintiff was suffering.  (Id., ¶¶13, 14.)  Plaintiff

22  alleges that Defendant had the power to remedy the situation but instead relied on the information

23  provided by the surgeon at Mercy Hospital that there was no graft to be removed.  (Id.)

24  A public employee is liable for injury to a prisoner "proximately caused by his negligent or

25  wrongful act or omission."  Cal. Gov't Code § 844.6(d) (West 2009).  "Under California law, '[t]he

26  elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct

27  for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard

28  (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting

1  injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572

2  (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008)

3  (internal quotations omitted)).

4       In asserting a claim for negligence, Plaintiff alleges "[t]he unjustified and penologically

5  unnecessary denial of Plaintiff's right constituted an intentional, willful, deliberate act through

6  Negligence, prohibited by California State and Federal Laws." (2nd Amend. Comp., court record p.

7  13.)  The Court agrees with Defendant that Plaintiff has not stated a cognizable negligence claim

8  against him.

9       "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not satisfy Rule

10  8. Iqbal at 1949 (citation omitted).  Rather, "the non-conclusory 'factual content,' and reasonable

11  inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

12  Moss at 969 (quoting Iqbal at 1949).  Here, Plaintiff alleges a negligence claim against Defendant

13  based on Defendant's response to Plaintiff's inmate appeal, which was allegedly deficient because

14  Defendant did not interview him, examine him, or order an x-ray.   There are no allegations

15  supporting a claim that Defendant had a duty to take any of those actions and that Plaintiff was

16  injured due to Defendant's breach of that duty.  Accordingly, Plaintiff fails to state a claim for

17  negligence.

18  **VI.   Sua Sponte Screening of Second Amended Complaint**

19       **A.   Screening Authority**

20       The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26  dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a

27  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

28  ///

1      Plaintiff's second amended complaint was screened on February 3, 2009, and found to state

2  cognizable claims for relief.  On May 18, 2009, the United States Supreme Court issued its decision

3  in Iqbal.  The Court's latest pleading case erases any doubt that there has been a significant departure

4  from prior cases holding that a complaint may be dismissed only if it is clear that no relief could be

5  granted under any set of facts that could be proved consistent with the allegations.  Moss at 972.

6  Accordingly, in light of Iqbal, the Court shall exercise its screening authority and sua sponte re-

7  screen the claims in Plaintiff's second amended complaint not subject to Defendant's motion to

8  dismiss.  In light of the stricter standard being utilized, the Court recommends that Plaintiff be

9  granted leave to amend.

### B.   Eighth Amendment Claims Against Defendants McGuinness and Grannis

      Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated

in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis

added).  "Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of *respondeat superior*."  Iqbal at 1948.  Rather, each government

official, regardless of his or her title, is only liable for his or her own misconduct, and therefore,

Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated

Plaintiff's constitutional rights.  Id. at 1948-49.

      Plaintiff's allegations against Defendant McGuinness were previously summarized in section

IV.  After Plaintiff's inmate appeal was partially granted at the second level of review by Defendant

McGuinness, Plaintiff submitted the appeal to the third and final level of review, where it was denied

on December 7, 2006, by Defendant Grannis, Chief of the Inmate Appeals Branch.  (2nd Amend.

Comp., Ex. B, court record pp. 21-22.)  Plaintiff alleges that Defendant Grannis failed to make

complete findings of fact and failed to respond reasonably to remedy Plaintiff's medical problem.

(Id., ¶17.)  Plaintiff alleges that Defendant Grannis has the authority to review and remedy problems

through fact finding.  (Id., ¶16.)

      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452

U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an

Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

"Deliberate indifference is a high legal standard."  Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).

Plaintiff's allegations and exhibits establish that on April 20, 2006, he filed an inmate appeal requesting that the AV fistula be removed from his arm because he did not need dialysis.  (2nd Amend. Comp., Ex. A, court record p. 16.)  After seeing a doctor who informed Plaintiff that the fistula did not need removed because it did not appear to be causing Plaintiff any problems, Plaintiff submitted his appeal to the first formal level of review stating that the fistula hurt and was uncomfortable. (Id.) At the first formal level of review, Plaintiff was referred to a surgeon. (Id., p. 17.)  At the second level of review, Plaintiff stated that although he had been told numerous times he would be seen by medical staff, nothing had been done and he wanted the unnecessary and uncomfortable shunt removed. (Id.)

Plaintiff was seen by a surgeon at Mercy Hospital on August 9, 2006, who concluded, "There is no A-V graft/no need for surgical removal." (Id., pp. 19-20.)  Based on the surgeon's finding, Defendant McGuinness partially granted Plaintiff's appeal at the second level to the extent that Plaintiff had been seen by a surgeon regarding his medical complaint. (Id.) Defendant Grannis

1  thereafter denied Plaintiff's appeal at the third level of review on the ground that per the surgeon,

2  there was no graft and no need for surgical removal. (Id., pp. 21-22.)

3       The facts do not support a claim that Defendants "[knew] of and disregard[ed] an excessive

4  risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.  First, Defendants were not Plaintiff's

5  treating physicians and their involvement was limited to addressing his medical care complaint

6  raised in an administrative grievance process, a process which does not create any substantive rights.

7  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative

8  complaint does not cause or contribute to the violation.").

9       Second, to the extent that Defendants could have intervened and their failure to do so *might*

10  allow for the imposition of liability under section 1983, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir.

11  2006), Plaintiff has not stated a  plausible claim against them for  violation of the Eighth

12  Amendment.  Both Defendants acted upon the surgeon's finding that there was no graft in place and

13  no need for surgical removal.   Plaintiff clearly disagrees with the surgeon's finding but his

14  disagreement does not support a claim, Franklin, 662 F.2d at 1344, and there are no factual

15  allegations supporting a claim that Defendants knew the surgeon was either mistaken or lying and

16  failed to take action despite knowing that Plaintiff was suffering from having the fistula in place,

17  Toguchi at 1057.  Accordingly, Plaintiff fails to state a claim against Defendants McGuinness and

18  Grannis for violation of the Eighth Amendment.

19      **C.**   **Negligence Claim Against Defendant Grannis**

20       Plaintiff's negligence claim against Defendant Grannis arises from the same general

21  statement as his claim against Defendant McGuinness. (2nd Amend. Comp., court record p. 13.)  As

22  with Defendant McGuinness, there are no allegations supporting a claim that Defendant Grannis had

23  a duty to make independent findings of fact or take any other action on Plaintiff's behalf and that

24  Plaintiff was injured due to Defendant's breach of that duty.  Accordingly, Plaintiff fails to state a

25  claim for negligence against Defendant Grannis.

26  **VII.**  **Conclusion and Recommendation**

27       The Court finds that Defendant McGuinness is not entitled to dismissal of the Eighth

28  Amendment claim against him on the ground that it is barred by the Eleventh Amendment or to

dismissal of the negligence claim against him on the ground that Plaintiff failed to comply with the California Tort Claims Act. However, Defendant McGuinness is entitled to dismissal of the negligence claim against him for Plaintiff's failure to allege sufficient facts to state a claim.

Further, based on the Court's sua sponte re-screening of the second amended complaint, the Court finds that Plaintiff fails to state a claim against Defendants McGuinness and Grannis for violation of the Eighth Amendment and fails to state a claim against Defendant Grannis for negligence. Although the Court believes it is unlikely that Plaintiff will be able to cure the deficiencies in his claims against Defendants McGuinness and Grannis, in light of the pleading standard changes, the Court recommends Plaintiff be granted one final opportunity to amend. Moss at 972.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant McGuinness's motion to dismiss, filed April 30, 2009, be GRANTED IN PART and DENIED IN PART as follows:

    a. Defendant's motion to dismiss the claim against him based on Eleventh Amendment immunity be denied;

    b. Defendant's motion to dismiss the negligence claim against him for failure to comply with the California Tort Claims Act be denied; and

    c. Defendant's motion to dismiss the negligence claim against him for failure to state a claim be granted;

2. Plaintiff's Eighth Amendment claims against Defendants McGuinness and Grannis be dismissed for failure to state a claim;

3. Plaintiff's negligence claim against Defendant Grannis be dismissed for failure to state a claim; and

4. Plaintiff be granted leave to file a third amended complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


    IT IS SO ORDERED.

**Dated:**    <u>**August 31, 2009**</u>        <u>    **/s/ Gary S. Austin**    </u>
                                        UNITED STATES MAGISTRATE JUDGE